IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ERIC PARR, | ) | CIVIL NO. 06-00019 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THAI GARDEN LOUNGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Before the Court is Plaintiff Eric Parr's ("Plaintiff") Motion for Judgment by Default ("Motion"), filed April 27, 2007. This matter came on for hearing on June 5, 2007, with Lunsford Dole Phillips, Esq., appearing on behalf of Plaintiff. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

On January 10, 2006, Plaintiff filed the instant action against Defendant Thai Garden Lounge, Inc., dba Club Viet Pearl ("Defendant"). On July 20, 2006, Plaintiff filed a First Amended Complaint ("Complaint"). The Complaint alleges that Defendant operates one or more places of public accommodation, including a cocktail lounge, that is or are in violation of the Americans

with Disabilities Act ("ADA") and the parallel state law.  The Complaint states that Plaintiff "is a person with a disability who, as a past and future patron of the defendant is or is about to be subjected to unlawful discrimination." [Compl. at ¶ 3.] The Complaint seeks: a permanent injunction requiring Defendant to fully comply with the ADA within ninety days and to comply with the ADA in the future; $1,000 in monetary damages as provided by Hawai`i Revised Statutes § 347-13.5; litigation expenses, including attorney's fees and expert's fees; and any other relief the court deems proper.

        Plaintiff served Defendant with the Complaint on August 18, 2006, but Defendant failed to answer.  After Defendant failed to answer, Plaintiff obtained an entry of default on March 13, 2007.  Defendant has never appeared in this case. Plaintiff filed the instant Motion on April 27, 2007, seeking the relief requested in the Complaint.  Plaintiff's counsel, however, stated in his declaration that "Plaintiff waives all damages." [Mot., Decl. of Lunsford Dole Phillips ("Phillips Decl.") at ¶ 9.]  Plaintiff also filed a Proposed Findings and Recommendation.

## DISCUSSION

**I.  Default Judgment**

        "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys.,

Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Plaintiff has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed. The Court also finds that

Plaintiff's Complaint sufficiently alleges substantive claims. Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect. This Court therefore finds that factors (1), (2), (3), (5), and (6) weigh in favor of granting the Motion.

Factor (4) also weighs in favor of granting the Motion because although Plaintiff initially sought $1,000.00 in statutory damages pursuant to Hawai`i Revised Statutes § 347-13.5, he now waives those damages. The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits. Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in this case.

## II.  Injunctive Relief

Plaintiff seeks a permanent injunction requiring Defendant to bring its places of public accommodation into compliance with the ADA within ninety days. Under the ADA, discrimination includes: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable[.]"  42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiff submitted the letter he sent to Defendant prior to the

commencement of the action, confirming that Club Viet Pearl restrooms pose barriers to wheelchair access. [Proposed Findings and Recommendation, Phillips Decl. at Ex. A.] The Court finds that the barriers identified by counsel constitute violations of the ADA.

The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2). Pursuant to § 12188(a)(2), this Court RECOMMENDS that the district court GRANT Plaintiff's request for an injunction requiring Defendant to remove the barriers to accessibility at Club Viet Pearl.

### III. Litigation Fees

Plaintiff also seeks an award of his reasonable attorney's fees and costs. A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA. See 42 U.S.C. § 12205.

#### A. Attorney's Fees

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See

Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 10.3[1] | $275 | $2,965.97 |

[Exs. B & C to Mot.]  Mr. Phillips did not indicate which General Excise Tax rate he applied.  Mr. Phillips was admitted to the Hawai`i bar in 1987.

### 1. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in

---

[1] According to the Court's calculation of Mr. Phillips' submitted hours, the hours total 10.2.

the forum district"). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on this Court's knowledge of the prevailing rates in the community and Plaintiff's submissions in this case, this Court finds that the requested hourly rate of $275 is reasonable.

### 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or

8

otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

This Court finds that Mr. Phillips' claimed hourly total is excessive given that this case is identical to many others he has filed in district court.  In particular, the Court reduces his hours for the drafting of the Complaint, Motion, Request for Entry of Default and Motion for Default Judgment. The Complaint,[2] Request and Motions are identical to countless others he has filed, except for the defendant's name.  With respect to the time expended drafting the initial complaint and the First Amended Complaint, Mr. Phillips requests 0.5 hours and 0.4 hours, respectively.  Because both of the complaints are identical to others he has filed in previous cases (some cases for which the Court has awarded attorney's fees) and the only change between the complaint and the amended complaint was the addition of the phrase "cocktail lounge" in paragraph 4, the

---

[2] Even a cursory review of the Court's docket revealed a number of cases involving Plaintiff, whom Mr. Phillips represented, and the Complaints of which were identical to the instant Complaint save for the defendant's name and address - Civil Numbers 05-00806 JMS-BMK; 05-00807 SOM-LEK; 05-00809 HG-LEK; 06-00039 SOM-LEK; 06-00041 JMS-LEK; 06-00042 ACK-LEK.

Court reduces Mr. Phillips' hours to 0.4.

For similar reasons, the Court will also reduce Mr. Phillips' requests for 0.8 hours and 1.1 hours for the drafting of the Request for Entry of Default and Default Judgment Motion With Support to 0.3 hours and 0.5 hours, respectively. Given Mr. Phillips' extensive experience in cases identical to the instant action, his requested hours are excessive. Accordingly, the Court reduces Mr. Phillips' 10.2 total expended hours by 1.6 hours and finds that 8.6 hours are reasonable.

### 3.  **Total Award**

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Lunsford Dole Phillips | 8.6 | $275 | $2365.00 |
| Hawai\`i General Excise Tax 4.166%[3] | | | $  98.53 |
| | | TOTAL LODESTAR | $2463.53 |

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors.  The Court RECOMMENDS that Plaintiff's request for attorney's fees be GRANTED IN PART AND DENIED IN PART.

---

[3] The Court is aware that Hawai'i's General Excise Tax rate increased effective January 1, 2007.  However, insofar as Plaintiff's counsel did not specify a tax rate, the Court has applied the 4.166% rate.

**B.   Costs**

Plaintiff also requests the following litigation costs:

| | |
|---|---:|
| Filing fee (with 1 certified copy) | $259.00 |
| Service fee | $ 66.00 |
| Copying, phone, postage | $  3.42 |
| TOTAL | $328.42 |

[Ex. C to Mot.]

The Court finds these costs to be manifestly reasonable and necessarily incurred in the pursuit of this action.  The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for costs in full.

## CONCLUSION

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion for Judgment by Default, filed April 27, 2007, be GRANTED IN PART AND DENIED IN PART.  This Court recommends that the district court:

1) GRANT Plaintiff an injunction requiring Defendant to remove the barriers to accessibility identified by counsel within ninety days of the entry of judgment;

2) GRANT IN PART AND DENY IN PART Plaintiff's request for attorney's fees;

3) GRANT Plaintiff's request for costs; and

4) AWARD Plaintiff attorney's fees in the amount of $2463.53 and costs in the amount of $328.42.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAI`I, June 20, 2007.



                              /S/ Leslie E. Kobayashi
                              Leslie E. Kobayashi
                              United States Magistrate Judge

**ERIC PARR V. THAI GARDEN LOUNGE, INC.; CIVIL NO. 06-00019 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF 'S MOTION FOR JUDGMENT BY DEFENDANT**